IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES JOHNSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 12-cv-05712 |
| | ) |
| | ) **Judge Andrea R. Wood** |
| v. | ) |
| | ) |
| IMHOTEP CARTER, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF**
**AMENDED PETITION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff moves for entry of the Amended Petition for Temporary Restraining Order ("Amended Petition") filed *pro se* on August 10, 2017. [211]. Pursuant to the authority granted to this Court under the All Writs Act, 28 U.S.C. § 1651(a), Plaintiff requests that Plaintiff be immediately transferred to Pontiac Correctional Facility, that an evidentiary hearing be set so Plaintiff's counsel can further investigate Plaintiff's claims, and that a settlement conference be scheduled so parties can resolve the current litigation.

On August 14, 2017, Plaintiff's counsel was notified through PACER that the Amended Petition had been filed *pro se*. The Amended Petition alleges, among other things, that correctional officers at Menard Correctional Center ("Menard"), beat Plaintiff after a phone call with Plaintiff's counsel and further referred to Plaintiff as a snitch. *Id.* [211] Affidavit of James Johnson ("Johnson Aff.") 12, ¶¶ 10-13. Upon information and belief, this was done in an attempt to in interference with counsel's representation of Plaintiff in the present litigation and further intimidate and retaliate against Plaintiff.

Plaintiff also alleges that Plaintiff's treatment at Menard has been abusive, and constitutes cruel and unusual punishment. [211] p 2. **Exhibit A** is Illinois Department of Corrections' ("IDOC") photo of Plaintiff before the transfer and **Exhibit B** is IDOC's photo of Plaintiff after the transfer. A comparison of the photos shows swelling in Plaintiff's face that was not present before the transfer to Menard. Two (2) additional Affidavits from Plaintiff are attached as **Exhibit C** and Affidavits from six (6) other inmates are attached as **Exhibit D** to further corroborate Plaintiff's allegations. Plaintiff further alleges that Warden Jacqueline Lashbrook said that the abuse Plaintiff is suffering is related to Plaintiff's civil suits, which would include this litigation. [211] Johnson Aff. 1, ¶5. Based on this evidence, it is reasonable to infer that there has been retaliation for this lawsuit and interference with it through abuse and intimidation.

As the 7th Circuit has found, "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). This includes "retaliation against an inmate for exercising his constitutional right to access the courts or to use the prison grievance process." *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Courts have further found that transferring a plaintiff away from a prison where he was in danger is less intrusive than the court attempting to supervise the individuals who deal with the plaintiff. *See Hoskins v. Dilday*, 2017 WL 951410, *7 (S.D.Ill., Mar. 10, 2017).

In the present case, Plaintiff has a constitutional right to access the courts and his court-appointed attorney without fear of retaliation, and a right to seek relief from the courts when Plaintiff's constitutional rights are violated. On information and belief, Plaintiff has exhausted his administrative remedies. To ensure Plaintiff is not subject to any additional abuse or

intimidation, Plaintiff requests that an immediate transfer be ordered and that an evidentiary hearing be set so Plaintiff's counsel can further investigate Plaintiff's claims. Plaintiff also requests that a settlement conference be scheduled so parties can resolve the current litigation.

Dated this 17th day of August 2017.                Respectfully submitted,

                                                                  /s/ Patrick G. Burns
Patrick G. Burns
RiKaleigh C. Johnson
Allyson Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
pburns@gbc.law
rjohnson@gbc.law

*Counsel for James Johnson*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2017, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case and I caused a true and correct copy of the above PLANTIFF'S MOTION FOR ENTRY OF AMENDED PETITION FOR TEMPORARY RESTRAINING ORDER to be served on the following parties and counsel of record:

*Via U.S. Mail to:*
James Johnson (marked "LEGAL MAIL")
IDOC# R-43615
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

*Via electronic submission to:*
Ronald E. Neroda, Esq.
Matthew H. Weller, Esq.
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
rneroda@cassiday.com

Megan Honingford, Esq.
Office of the Illinois Attorney General
General Law Bureau
100 W. Randolph Street
13th Floor
Chicago, IL 60601
mhoningford@atg.state.il.us

                                                                           By:    /s/ Patrick G. Burns
                                                                                      Patrick G. Burns